

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House - 7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA  19106*

July 26, 2023

The Honorable Paul A Crotty, District Judge
Daniel Patrick Moynihan United
    States Courthouse
500 Pearl Street
New York, New York    10007-1312

7/27/2023

The request to grant an extension of the surrender date is granted to 1/5/2024.

So ordered

Paul Crotty
CJU

RE:    **United States v. Alberto Baez-Acevedo, 1:20-cr-00582 (PAC)**
       **Federal Register No. 88106-054**

Dear Judge Crotty:

I am writing in response to Your Honor's inquiry regarding Mr. Alberto Baez-Acevedo, Reg. No. 88106-054. Mr. Baez-Acevedo seeks to postpone his self-surrender date to the Bureau of Prisons (BOP) facility in order to have medical hardware removed from his legs. As discussed below, the BOP does not object to the postponement of Mr. Baez-Acevedo's self-surrender.

When my office became aware that Mr. Baez-Acevedo was seeking to postpone his self-surrender date, we requested his most recent medical records. Mr. Baez-Acevedo's treating surgeon provided documentation showing that Mr. Baez-Acevedo underwent limb-lengthening surgery which required the installation of medical hardware to secure his legs while he healed. I shared this documentation with BOP medical staff. They determined that there are few specialists who perform limb-lengthening surgery, and they were not immediately aware of any who would remove medical hardware implanted by another specialist. As a practical matter, the safety and security concerns of staff, inmates, and the general public prevent the BOP from contracting with physicians who have prior relationships with federal inmates. As such, the BOP will have difficulty locating another specialist willing and capable of removing Mr. Baez-Acevedo's leg hardware after he is incarcerated.

The BOP has previously consented to postponing a defendant's self-surrender date to allow the defendant to complete specialized medical care in the community as it ensures continuity of care. If Mr. Baez-Acevedo is ordered to self-surrender prior to removal of the medical hardware, BOP medical staff would evaluate and consider him for medically necessary care by one of the contract specialists in the community. The BOP cannot guarantee that we will enter into a contract with Mr. Baez-Acevedo's treating surgeon to remove his medical hardware, or that another specialist will deem the removal of the medical hardware to be medically necessary. In addition, allowing the procedure to be performed prior to Mr. Baez-Acevedo's incarceration will