UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

UNITED STATES OF AMERICA,          :
                                   :
            -against-              :
                                   :
ALBERTO BAEZ-ACEVEDO,              :          1:20-cr-582-GHW
                                   :
                Defendant.         :          <u>ORDER</u>
------------------------------------------------------------- X

<table>
<tr><td>USDC SDNY</td></tr>
<tr><td>DOCUMENT</td></tr>
<tr><td>ELECTRONICALLY FILED</td></tr>
<tr><td>DOC #: _____</td></tr>
<tr><td>DATE FILED:  1/17/2026</td></tr>
</table>

GREGORY H. WOODS, United States District Judge:

On January 16, 2026, the Court received from Alberto Baez-Acevedo a document styled as a petition for the issuance of a writ of *coram nobis*. Dkt. No. 69 (the "Petition"). That request is denied because the arguments and facts submitted in supported in the Petition do not satisfy the high standard required to grant such a writ.

"The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). "In federal courts the authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *Id.* at 911 (quoting 28 U.S.C. § 1651(a)).

"'A writ of error *coram nobis* is an extraordinary remedy' typically granted only when a prisoner is out of custody and so cannot pursue habeas relief." *Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019) (quoting *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014)). "*Coram nobis* is 'not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.'" *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996)).

"To receive *coram nobis* relief, a petitioner must show 'that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Doe*, 915 F.3d at 910 (quoting *Kovacs*, 744 F.3d at 49). "The proceedings leading to the petitioner's conviction are presumed to be correct, and "the burden rests on the accused to show otherwise." *Foont*, 93 F.3d at 78–79 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). Thus, "the bar for succeeding on such a writ is a high one, first because great respect is placed upon the finality of judgments, . . . and second, because 'a court must presume that the proceedings were correct, and the burden of showing rests on the petitioner.'" *United States v. Hernandez*, 283 F. Supp. 3d 144, 149 (S.D.N.Y. 2018) (quoting *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998)). Because Mr. Baez-Acevedo is a *pro se* litigant, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Simply put, Mr. Baez-Acevedo's submission does not come close to the standard required to support a petition for *coram nobis* relief.[1] He identifies no error of fact that justifies *coram nobis* relief. At the heart of Mr. Baez-Acevedo's petition is the assertion that his guilty plea to one of the two offenses originally charged—drug trafficking—and not the charged firearms count, means that his possession of a firearm "was no longer at issue in the case." Petition. That argument is not well-founded.

Mr. Baez-Acevedo's presentence report accurately describes the fact that the defendant was convicted only of the charged drug trafficking offense. *See generally* Dkt. No. 34. The presentence report states that a revolver was discovered in Mr. Baez-Acevedo's bedroom as part of its

---

[1] The Court assumes, without holding, that the request is timely.

description of the offense conduct. *Id.* The defendant did not object to that portion of the factual statement in the presentence report. *Id.* at 16; Dkt. No. 39 at 1. In his sentencing submission, Mr. Baez-Acevedo made arguments regarding how the sentencing court should interpret the fact that a gun was found in his apartment. Dkt. No. 39 at 6.

Mr. Baez-Acevedo's Petition rests on an error of his understanding, rather than an error of fact or law. Mr. Baez-Acevedo's Petition rests on his belief that because he did not plead guilty to the possession of a firearm, the facts regarding the discovery of a firearm in his apartment in the presentence report are inappropriate or inaccurate. That understanding is incorrect. Mr. Baez-Acevedo had an opportunity to challenge the facts reported in the presentence report before sentencing. He did not. Instead, he advanced arguments regarding how the court should evaluate those facts. Because he had ample opportunity to challenge the facts asserted in the presentence report at or before sentencing, or on appeal, there is no justification to extend the writ of *coram nobis* to him on this record. And, even now, Mr. Baez-Acevedo does not challenge the truth of the fact asserted—that there was a firearm in his bedroom—he merely asserts his belief that the fact should not affect him. *Coram nobis* relief is inappropriate under these circumstances.

To the extent that Mr. Baez-Acevedo's application can be construed as a request that the Court direct the Bureau of Prisons (the "BOP") to place him in a given facility, to permit him to participate in a particular program, such as the RDAP program, or to calculate his time served in a particular way, the Court denies that request because decisions about placement, and the calculation of time served fall within the authority of the BOP. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . . Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 1354, 117 L. Ed. 2d 593 (1992) ("For these reasons, we conclude that § 3585(b) does not authorize a district court to compute the

3

credit at sentencing . . . .”).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 69 and to mail a

copy of this order to Mr. Baez-Acevedo.

SO ORDERED.

Dated: January 17, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4