USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                          **MEMORANDUM ENDORSED**

ALBERTO BAEZ

Case No. 1:20-cr-00582 (PAC)

MOTION FOR CLARIFICATION AND REMOVAL OF FIREARM ENHANCEMENT

Defendant Alberto Baez respectfully moves this Court for clarification and removal of the two-level firearm enhancement referenced in the Presentence Investigation Report.

BACKGROUND

At sentencing, a two-level firearm enhancement was applied under the United States Sentencing Guidelines.

The firearm referenced in the Presentence Investigation Report was located inside a closet and was not on the defendant's person during the offense conduct. The firearm was not used, displayed, or possessed during the commission of the offense. Additionally, the firearm charge in this case was dismissed.

ARGUMENT

Under U.S.S.G. §2D1.1 Application Note 11(A), the firearm enhancement should not apply where it is clearly improbable that the weapon was connected with the offense.

Because the firearm was stored in a closet and not possessed during the offense conduct, the enhancement may have been improperly applied.

IMPACT ON BUREAU OF PRISONS CLASSIFICATION

3. Impact on Bureau of Prisons Classification

The defendant is currently incarcerated within the Federal Bureau of Prisons and participating in the Residential Drug Abuse Program.

The firearm enhancement contained in the Presentence Investigation Report may prevent eligibility for early release consideration under 18 U.S.C. § 3621(e).

4. Request for Relief

For the foregoing reasons, the defendant respectfully requests that the Court:

1. Order that the two-level firearm enhancement be removed; and
2. Direct that the Presentence Investigation Report be corrected to reflect that the firearm was not connected to the offense conduct.

Respectfully submitted,

Alberto Baez
Register Number: 88106-054

Date: _____

Application denied.  This year, the Court has twice denied requests for the same relief which were presented to the Court as petitions for the issuance of a writ of coram nobis.  *See* Dkt. Nos. 70, 73. This application provides no additional basis upon which to grant this request.  The Court, therefore, incorporates by reference its analysis of Mr. Baez-Acevedo's prior requests in denying this one.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 74 and to mail a copy of this order, together with the Court's order at Dkt. No. 70 to Mr. Baez-Acevedo.

SO ORDERED.
Dated:  March 22, 2026
New York, New York

GREGORY H. WOODS
United States District Judge